UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------

| | |
|---|---|
| JORDAN BETTEN, | : |
| | :    **Case No. 18-cv-06733** |
| Plaintiff, | : |
| | :    **JURY TRIAL** |
| -against- | :    **DEMANDED** |
| | : |
| 28TH AND 10TH ASSOCIATES, L.L.C., THE RELATED | : |
| COMPANIES, L.P., THE RELATED COMPANIES, INC., | : |
| and RELATED 28TH HIGHLINE ASSOCIATES, L.L.C., | : |
| | : |
| Defendants. | : |

---------------------------------------------------------------------------------

Plaintiff JORDAN BETTEN, by and through his undersigned counsel, EISENBERG & BAUM, LLP, as and for his Complaint against Defendants 28TH AND 10TH ASSOCIATES, L.L.C., THE RELATED COMPANIES, L.P., THE RELATED COMPANIES, INC., and RELATED 28TH HIGHLINE ASSOCIATES, L.L.C., ("Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Jordan Betten is a world-famous visual artist and muralist who has shown his works in museums around the world and has installed numerous beloved works of art in and around the streets of New York City and Miami, working in conjunction with various organizations and local agencies.

2. Through his company Lost Art, Inc., an art and design brand, Plaintiff Betten raises funds to install public artworks he has designed for the purpose of beautifying and transforming the neighborhoods for all residents in the community and tourists to enjoy.

3. The artworks are dedicated to enrich and promote the culture of visual arts in the neighborhood and receive widespread coverage in the news media and strong support from the communities that surround them.

4. Per agreement with property owners involved, the work of art at issue in this action was permanently installed, owned, and maintained by Plaintiff Betten, who retained all copyright and ownership interest in the artwork.

5. Defendants, without any form of notice to Plaintiff, proceeded to destroy and/or mutilate the artwork he installed opposite the Highline at 509-511 and 513 West 27th Street, in a manner that was highly damaging to his artistic honor and/or reputation. The work had been enjoyed by countless thousands of visitors to the Highline and widely displayed on the internet, and its destruction and/or mutilation was equally public.

## NATURE OF THE CLAIMS

6. Plaintiff seeks declaratory, injunctive, and equitable relief, monetary damages, and attorneys' fees to redress Defendants' unlawful destruction of his work of art in violation of the Visual Artists Rights Act, 17 U.S.C. §106A *et seq.* ("VARA").

## THE PARTIES

7. Plaintiff JORDAN BETTEN ("Plaintiff Betten") is a professional artist and resides in Miami-Dade County, State of Florida. Plaintiff Betten is the "author of a work of visual art" within the meaning of 17 U.S.C §106A.

8. Defendant 28TH AND 10TH ASSOCIATES, L.L.C. is a Delaware limited liability company registered and doing business in the State of New York and/or the property owners of 509 and 511 West 27th Street, New York, NY 10001 at 60 Columbus Circle, New York, NY 10023 ("Zaha Hadid Condominium").

9. Defendant THE RELATED COMPANIES, L.P. is a New York limited liability company actively doing business in the State of New York with a registered service address, upon information and belief, at 80 State Street, Albany, NY 12207.

10. Defendant THE RELATED COMPANIES, INC. is a New York business corporation actively doing business in the State of New York with an office and principal place of operation at 60 Columbus Circle, New York, NY 10023.

11. Defendant RELATED 28TH HIGHLINE ASSOCIATES, L.L.C. is a Delaware limited liability company with an office and principal place of operation at 60 Columbus Circle, New York, NY 10023.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that this civil rights action arises under federal law, *see* 28 U.S.C. § 1338 et seq. The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367 and principles of pendent and/or ancillary jurisdiction.

13. This court has *in personam* jurisdiction over Defendants because they own real property and conduct operations within, transact business in and provide services within the City of New York, State of New York.

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the events that give rise to the claim occurred in this district.

## BACKGROUND

**I.  The Agreement to Permanently Install Artwork in and Around the City of New York, New York between Plaintiff and the Property Owners**

15. The artwork at issue herein, and outdoor mural, was approved by the property owners of the buildings in question at the time when the work at issue herein was installed. Plaintiff was to maintain and restore the mural.

16. All tangible and intangible property, including copyrights, were to remain the property of the Plaintiff.

17. Defendants destroyed, distorted, mutilated and/or modified Plaintiff's mural in a

3

manner that was highly damaging to his artistic reputation.

18. Plaintiff seeks damages from all Defendants involved in the destruction and/or mutilation herein.

19. Defendants did not have Plaintiff's permission to destroy the work of art at issue. The work of art was in conspicuous, high visibility, prominent locations.

20. The Defendants did not provide compensation to Plaintiff in exchange for his artwork. The work at issue is not "work made for hire" within the meaning of 17 U.S.C. § 201.

## II. The Work of Visual Art at Issue

21. Plaintiff Betten's work of art in question was destroyed, distorted, mutilated and/or modified by the Defendants.

22. Plaintiff installed a work of art titled "Lady Luck" opposite the Highline at 509-511 and 513 West 27th Street.

23. Below are perspective images of the work as seen from the Highline:





24. Plaintiff's work of visual art was installed in or about September of 2013.

25. Plaintiff's work of visual art was installed with the permission of the building owners.

26. The aforementioned work of visual art was willfully destroyed, distorted, mutilated and/or modified by Defendants in the course of erecting a luxury high-rise project adjacent to the artwork.



5

27. Plaintiff's work of visual art was willfully destroyed, distorted, mutilated and/or modified by Defendants in or about the April of 2018.

28. Plaintiff's work of visual art was installed without any fixed period of duration and was intended to last indefinitely.

29. Plaintiff's work of visual art was a work of recognized stature. Plaintiff Betten is a prominent artist who has exhibited in numerous galleries and shows, and has been the subject of innumerable news articles and television interviews and "Lady Luck" was recognized as having stature by one or more experts, the artistic community, cross-section of the society, and/or the general public.

30. Plaintiff has not executed or signed a written instrument that specifies that installation of the aforementioned work may subject that work of visual art to destruction, distortion, mutilation, or other modification by the defendant for any reason, including removal.

## AS AND FOR A FIRST CAUSE OF ACTION
### (VARA)

31. Plaintiff repeat and reiterate each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

32. The artwork described is a "work of visual art" within the meaning of 17 U.S.C. §101 and constitute copyrightable subject matter.

33. As a result of the Defendants' misconduct as described herein, Plaintiff sustained actual damages, statutory damages, damages to reputation and/or honor, and emotional distress.

34. The Plaintiff herein created, and maintained all ownership and copyright interests in, work of visual art subject to the protection of VARA, and installed the work on Defendants' buildings with the permission of the building owners at the time.

35. Without providing Plaintiff with a reasonable opportunity to protect and preserve

the artwork, Defendants destroyed, mutilated, modified and defaced the work of art installed by Plaintiff.

36. Plaintiff's work of art is of recognized stature and requisite professional standing within the meaning of VARA, and is therefore entitled to the statute's protection. The work was in high demand in the public marketplace, it attracted legions of admirers who visited the work in situ, and the artist has high name recognition among the artistic community. The work is recognized by experts in the art field, by the artistic community, by the cross-section of the society, and/or by the general public.

37. Plaintiff did not execute a written agreement that specifies that the installation of his work of visual art at issue herein may subject the work to destruction, distortion, mutilation nor other modification.

38. Plaintiff incurred significant financial losses as a result of the wanton destruction of his valuable work of art.

39. The distortion, mutilation, and/or modification of the work occurred in a manner prejudicial to the plaintiff's honor and/or reputation, and causing him substantial harm in this regard.

40. Defendants' actions were willful, wanton and malicious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A) Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures are in violation of VARA;

B) Award such actual damages as will compensate Plaintiff fully for his financial losses and for the damage to his honor and/or reputation and for his humiliation, mental anguish, embarrassment, stress and anxiety, loss of self-esteem, self-confidence, personal dignity, shock, emotional distress, inconvenience, emotional pain and suffering and any other physical and

mental injuries Plaintiff suffered due to Defendants' willful and improper conduct pursuant to VARA;

      C)      Award statutory damages to Plaintiff pursuant to VARA;

      D)      Award reasonable costs and attorneys' fees pursuant to VARA;

      E)      Grant such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated:      July 26, 2018

                        EISENBERG & BAUM, LLP

                        By: ____/s/ *Eric M. Baum*_____
                              Eric M. Baum, Esq.
                              Attorneys for Plaintiff
                              24 Union Square East, Fourth Floor
                              New York, NY 10003
                              (212) 353-8700